[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: May 17, 1996 Date of Application: May 26, 1996 Date Application Filed: June 3, 1996 Date of Decision: January 28, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, G.A. 12, Docket Numbers CR12-142196; CR12-146883; CR12-145646; CR12-147555; CR12-148425; CR12-141391; CR12-143220; CR12-143221; CR12-145647; and CR12-147949.
Laura Westlund, Esq., Defense Counsel, for Petitioner.
Paul Rotiroti, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION:
After pleas of guilty, petitioner was convicted of larceny in the sixth degree in violation of General Statutes § 53a-125b; failure to appear in the second degree in violation of § 53a-173; larceny in the third degree in violation of § 53a-124; issuing a bad check in violation of § 53a-128; two counts of larceny in the fifth degree in violation of § 53a-125a; two counts of issuing a bad check in violation of § 53a-128; larceny in the fifth degree in violation of § 53a-125a; and burglary in the third degree in violation of § 53a-103.
As a result of such conviction, a sentence of ninety days was CT Page 1353 imposed on the first count; one year on the second count; one year on the third count; ninety days on the fourth count; six months on the fifth and sixth counts; ninety days on the seventh and eighth counts; and six months on the ninth count. A sentence of four years was imposed on the burglary in the third degree. All sentences are to be served concurrently for a total effective sentence of four years.
The facts underlying petitioner's conviction indicate that in December, 1994, he broke into the home of an employer and stole a number of blank checks. Petitioner then proceeded to write out the checks and cash them. Petitioner also committed a long list of minor offenses involving bad checks, larcenies, forgeries and criminal impersonations which resulted in the above-noted convictions.
Petitioner's attorney argued that the sentence imposed was excessive. She stated that petitioner's underlying problem was drug addiction and that drug treatment would have been a much more appropriate sentence. She also argued that the excessive sentence resulted from a misunderstanding concerning a possible prior settlement of petitioner's pending cases. The attorney argued that a sentence of four years with the execution suspended after one year and probation with restitution would be much more appropriate. Speaking on his own behalf, petitioner stated he could not justify his criminal record and that drugs had destroyed his life. He also indicated that he did not want a reduction in his sentence.
The state's attorney argued against any reduction in sentence. He stressed petitioner's horrible prior criminal record and the fact that other matters were pending at the time sentence was imposed in this case. He pointed out that petitioner made no effort to reform his life.
Petitioner has a long criminal record. Most of his offenses involve larceny charges and other offenses which resulted in financial loss to numerous victims. Considering all of the factors here, the sentence imposed was well below that which could have been imposed and was moderate in the extreme.
In light of the nature of the offenses and the character of the petitioner and the need to protect the public from such conduct, it cannot be found the sentence was either inappropriate or disproportionate, and it should not be reduced. Connecticut CT Page 1354 Practice Book § 942.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.